| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

GEMINI INSURANCE COMPANY, §
　§
　　　　　Plaintiff, §
*versus* § CIVIL ACTION H-05-1861
　§
　§
THE ANDY BOYD COMPANY, *et al.*, §
　§
　　　　　Defendants. §

## Opinion on Summary Judgment

1.　*Introduction.*

　　The defendants – the Andy Boyd Company, LLC., Filiberto Fuentes, Andrew Bennett Boyd, and ABCO Products, Inc. – are the beneficiaries of a commercial general liability insurance policy issued by Gemini Insurance Company. Air Starter Components, Inc., has sued the defendants for theft of trade secrets in state court. Both sides seek a declaratory judgment to determine whether Gemini has a duty to defend the *Air Starter* suit.

2.　*Background.*

　　The Andy Boyd Company, LLC., consults about subsea exploration and production equipment. It bought commercial general liability insurance from Gemini running from April 7, 2002, to April 7, 2003. The policy insured the Andy Boyd Company, Filiberto Fuentes, Andrew Bennett Boyd, and ABCO Products, Inc. – a subsidiary.

　　The policy covered liability resulting from an "advertising injury." Advertising injury includes the use of another's "advertising idea" in the insured's advertisements. The policy excludes coverage for an advertising injury arising from crimes or breaches of contract.

　　Air Starter Components, Inc., manufactures air starters and other similar equipment. Fuentes started working for Air Starter in November 1993. In January 2002, after a promotion to sales manager, Fuentes was required to sign a nondisclosure agreement. Six months later, in June 2002, he quit.

Air Starter claims Fuentes stole copies of customer lists that included the type and volume of products each customer purchased. It says that Fuentes gave the information to Specialized Components, Inc., a competitor, in exchange for a salaried position with ABCO Products. Specifically, it argues that Specialized and ABCO concocted a scheme by which Fuentes "worked" at ABCO while he was paid by and performed for Specialized. This, it says, was done to conceal his employment and illegal information sharing with its competitor.

Air Starter also claims that Fuentes used the customer lists to contact many of Air Starter's customers by mail and by telephone. Before Fuentes began contacting the customers, Specialized had two customers. Through Fuentes efforts, it added 18 new customers, 17 of whom were Air Starter customers.

On October 21, 2002, in Fort Bend County, Texas, Air Starter sued the defendants for stealing its trade secrets and giving them to Specialized. Air Starter's *fifth*-amended petition asserts eight legal theories: (a) misappropriation of trade secrets, (b) conversion, (c) violation of Texas Theft Liability Act, (d) breach of contract, (e) unjust enrichment, (f) unfair competition, (g) tortuous interference with business relationships, and (h) racketeering.

Here, Gemini asks the court to rule that it has no duty to duty to defend or indemnify the defendants. The defendants there and here contend that the Air Starter suit alleges an advertising injury triggering Gemini's duty to defend.

3. *Duty to Defend.*

In Texas, an insurance company's duty to defend is determined by the allegations in the underlying lawsuit and the language of the policy. *National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). Any reasonable doubt is resolved in favor of the insured. *Id.* To establish that Gemini has a duty to defend in this case, the defendants must show (1) the allegations in the underlying complaint raise a potential for liability covered by the policy, (2) it advertised during the policy period when the alleged injury occurred, and (3) the advertisement caused the injury. *Bay Elec. Supply, Inc. v. Travelers Lloyd Ins. Co.*, 61 F.Supp.2d 611, 615 (S.D. Tex. 1999). The defendants fail at the first step.

4. *Advertising injury.*

Air Starter says that Fuentes mailed its customers information about Specialized's products.

The defendants say that this constitutes advertising. Under the policy, advertising is "a notice that is broadcast or published to the general public or specific market segments about [the insured's] goods, products or services for the purpose of attracting customers or supporters."

The direct mailing is not an advertisement. Air Starter alleged that Fuentes contacted "many" of it's customers, and seventeen responded. There is no evidence of a broadcast to the general public or a defined market. It was merely a narrow solicitation to a select group, and that narrowness is the essence of Air Starter's claim – the list.

Even assuming that there was an advertisement, to trigger Gemini's duty to defend, the advertisement must use an Air Starter advertising *idea*. The information Fuentes stole must contain that idea. Air Starter alleged that Fuentes stole a customer list and the type and volume of products each customer purchased.

The defendants say that the customer list alone is enough. It is not. *State Farm Fire and Cas. Co. v. Steinberg*, 393 F.3d 1226, 1234 (11th Cir. 2004); *Sentex Sys., Inc. v. Hartford Accident & Indemnity Co.*, 93 F.3d 578, 580-81 (9th Cir. 1996).

Next, they argue that Fuentes used more than the customer list. They say that the defendants acquired additional information, including drawings, prices, purchase histories, and a vendor list.

The drawings Air Starter claimed that another former employee stole were manufacturing trade secrets. The drawings informed Specialized on how to make the products – not on how to advertise them. Manufacturing trade secrets do not trigger advertising injury coverage. *See Frog, Switch & Mfg. Co. v. Traveler's Ins. Co.*, 193 F.3d 742, 750 (3d Cir. 1999).

An advertising idea is a concept about the *manner* a product is promoted to the public. *See Hyman v. Nationwide Mut. Fire Ins. Co.*, 304 F.3d 1179, 1188 (11th Cir. 2002). The data that Fuentes misappropriated are merely lists of who bought products, what they paid, when they bought it, and who sold it to them. The information does not contain advertising ideas, just sales records. *See We Do Graphics, Inc. v. Mercury Cas. Co.*, 21 Cal. Rptr. 3d 9, 13 (Cal. App. 4th 2004).

Despite its excessive pleading, Air Starter has not alleged the facts of an advertising injury covered by the policy.

5.  *Exclusions*.

Even if the petition had alleged an advertising injury, exclusions in the policy prevent Gemini from having a duty to defend. The policy includes exclusions for injuries arising out of criminal acts

and breaches of contract. Under Texas law, an exclusion preventing coverage for injuries "arising out of" certain conduct applies to all claims with an incidental relationship to the described conduct. *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 458 (5th Cir. 2003).

Air Starter's suit is based on the theft of trade secrets. Under Texas law, stealing trade secrets is a crime. Tex. Penal Code § 31.05(b)(1). All eight of Air Starter's claims depend on the Fuentes's wrongful taking of trade secrets. The criminal act exclusion precludes the a duty to defend.

Air Starter's suit is also based on a breach of contract. Fuentes signed a contract with Air Starter to keep its proprietary information confidential. Fuentes breached this contract by disclosing the information to Specialized. Had Fuentes kept the information confidential, Air Starter would have no claim for theft of trade secrets or the other related claims. The breach of contract exclusion also the duty to defend.

6.  *Conclusion.*

Air Starter has not alleged an advertising injury, and its suit depends on allegations of injuries arising from acts excluded by the policy. Since the defendants cannot establish that the allegations in the underlying complaint raise a potential for liability covered by the policy, Gemini has no duty to defend it.

Signed May 3, 2006, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge